IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---

| | |
|---|---|
| RUBEN PINCHANSKI, SHAREN JESTER TURNEY, MARTYN REDGRAVE, JOEL CUTLER, LAWRENCE BOHN, STEPHEN ASBATY and WENDY LAHAYE,<br><br>   Plaintiffs,<br><br>v.<br><br>JOSEPH F. FINN, JR., in his capacity as Assignee for the Benefit of Creditors of N2N Commerce, Inc., and successor-in-interest to N2N Commerce, Inc.,<br><br>   Defendant,<br><br>and<br><br>N2N COMMERCE, INC., a Delaware corporation,<br><br>   Nominal Defendant. | Case No.: 10-_____ ( ) |

---

## NOTICE OF REMOVAL

Pursuant to Section 1452 of Title 28 of the United States Code ("Title 28") and Rule 9027(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Joseph G. Butler, the Chapter 7 Trustee (the "Trustee") of the estate of N2N Commerce, Inc. (the "Debtor"), hereby removes to the United States Bankruptcy Court for the District of Delaware (the "Delaware Bankruptcy Court") the above-captioned civil action currently pending in the Court of Chancery of the State of Delaware (the "Chancery Court"), which bears Civil Action No. 4267-CC (the "Chancery Court Action").

As grounds for removal of the Chancery Court Action to the Delaware Bankruptcy Court, the Trustee respectfully states the following:

1. On January 5, 2009, Ruben Pinchanski, Sharen Jester Turney, Martyn Redgrave, Joel Cutler, Lawrence Bohn, Stephen Asbaty and Wendy Lahaye (collectively, "Plaintiffs"), all of whom are former directors, officers and/or employees of the Debtor, initiated the Chancery Court Action by filing a *Verified Complaint for Declaratory Judgment* (the "Complaint") with the Chancery Court. Pursuant to the Complaint, which named Joseph F. Finn, Jr., in his capacity as Assignee for the Benefit of Creditors of N2N Commerce, Inc. (the "Assignee"), as a defendant, and which named the Debtor as a nominal defendant, Plaintiffs seek a declaratory judgment to the effect that they did not breach their fiduciary duties to the Debtor, commit fraud while serving as directors and/or officers of the Debtor, or commit waste while serving as directors and/or officers of the Debtor.

2. On July 13, 2009, three alleged creditors of the Debtor filed with the United States Bankruptcy Court for the District of Massachusetts (the "Massachusetts Bankruptcy Court") an *Involuntary Petition* [Docket No. 1] for relief under Chapter 7 of Title 11 of the United States Code (the "Bankruptcy Code") against the Debtor, thereby commencing Case No. 09-16581-JNF (the "Bankruptcy Case"). By order dated October 15, 2009 [Docket No. 47], the Massachusetts Bankruptcy Court entered an order for relief in the Bankruptcy Case. Shortly thereafter, the Trustee was appointed [Docket No. 48] as the trustee of the Debtor's estate.[1]

---

[1] Certain of Plaintiffs are defendants in a civil action that the Assignee commenced on December 17, 2008 in the Superior Court of the Commonwealth of Massachusetts, County of Suffolk, which bears Civil Action No. 08-5575-BLS2 (the "Superior Court Action"). The Trustee intends to remove the Superior Court Action to the Massachusetts Bankruptcy Court.

3.Pursuant to Section 1452(a) of Title 28 and Bankruptcy Rule 9027(a), the Trustee may remove the Chancery Court Action to the Delaware Bankruptcy Court. *See* 28 U.S.C. § 1452(a); Fed. R. Bankr. P. 9027(a).

4.Plaintiffs are residents of the States of Florida and Ohio and the Commonwealth of Massachusetts, and the Debtor is a corporation organized and existing under and by virtue of the laws of the State of Delaware; therefore, the United States District Court for the District of Delaware (the "Delaware District Court") has original subject matter jurisdiction with respect to the claims asserted in the Chancery Court Action under Section 1332(a) of Title 28. *See* 28 U.S.C. § 1332(a). Under Section 1334(b) of Title 28, the Delaware District Court has original but not exclusive jurisdiction with respect to the claims asserted in the Chancery Court Action, as such claims are related to the Bankruptcy Case. *See* 28 U.S.C. § 1334(b). Pursuant to a *Standing Order* dated September 6, 2001, the Delaware District Court referred to the Delaware Bankruptcy Court all proceedings, amongst others, arising in or related to cases under the Bankruptcy Code. The Trustee is therefore removing the Chancery Court Action to the Delaware Bankruptcy Court. *See* 28 U.S.C. § 157(a); *see also Braden Partners, L.P. v. Hometech Medical Services, Inc.*, No. C-02-5187 EMC, 2003 WL 223423, at *2 (N.D. Cal. Jan. 17, 2003) (when district court has referred bankruptcy proceedings to bankruptcy court, removal applications are to be directed to bankruptcy court).

5.The within *Notice of Removal* is being timely filed. Specifically, on February 9, 2010, the Massachusetts Bankruptcy Court entered an order [Docket No. 89] approving the *Second Stipulation Regarding Motion for Relief from Stay to Permit Litigation of Civil Action Pending in Delaware Chancery Court* [Docket No. 87], pursuant to which Plaintiffs and the

Trustee agreed, *inter alia*, that the Trustee had until March 22, 2010 to remove the Chancery Court Action and seek the transfer thereof to the Massachusetts Bankruptcy Court.

6.  Removal to the Delaware Bankruptcy Court is authorized by Section 1441(a) of Title 28 because the Chancery Court in which the Chancery Court Action was filed lies within this district. *See* 28 U.S.C. § 1441(a). Pursuant to Section 1409(a) of Title 28, however, venue of the Chancery Court Action is proper in the Massachusetts Bankruptcy Court. *See* 28 U.S.C. § 1409(a); *see also* LR, D.Mass. 201 (referring proceedings arising in or related to cases under Bankruptcy Code to Massachusetts Bankruptcy Court); MLBR 9029-3 (adopting LR, D.Mass. 201). The Trustee therefore reserves the right to, and intends to, seek an order of the Delaware Bankruptcy Court transferring the Chancery Court Action to the Massachusetts Bankruptcy Court. *See* 28 U.S.C. § 1412.[2]

[*Intentionally Left Blank*]

---

[2] The Trustee further reserves the right to, and intends to, seek an order of the Massachusetts Bankruptcy Court consolidating the Chancery Court Action with the Superior Court Action. The Trustee also reserves the right to assert any additional claims and causes of action against any of Plaintiffs as he may determine are appropriate.

7. Upon removal and transfer to the Massachusetts Bankruptcy Court and consolidation with the Superior Court Action, the Chancery Court Action will be a core proceeding. *See* 28 U.S.C. § 157(b)(2)(A), (C), (F), (H) and (O).

Dated: March 18, 2010
Wilmington, Delaware

**FOX ROTHSCHILD LLP**

Eric M. Sutty (No. 4007)
John H. Strock (No. 4965)
Citizens Bank Center
919 North Market Street, Suite 1300
P.O. Box 2323
Wilmington, Delaware 19899-2323
(302) 654-7444

- and -

Steven C. Reingold
Michael J. Fencer
**JAGER SMITH P.C.**
One Financial Center
Boston, Massachusetts 02111
(617) 951-0500

Attorneys for Joseph G. Butler, Chapter 7 Trustee of N2N Commerce, Inc.