# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| RUBEN PINCHANSKI, SHAREN JESTER TURNEY, MARTYN REDGRAVE, JOEL CUTLER, LAWRENCE BOHN, STEPHEN ASBATY and WENDY LAHAYE, <br><br> Plaintiffs, <br><br> v. <br><br> JOSEPH F. FINN, JR., in his capacity as Assignee for the Benefit of Creditors of N2N Commerce, Inc., and successor-in-interest to N2N Commerce, Inc., <br><br> Defendant, <br><br> and <br><br> N2N COMMERCE, INC., a Delaware corporation, <br><br> Nominal Defendant. | Case No. 10-00102(KG) <br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br> Re Dkt. Nos. 3 & 7 |

## **MEMORANDUM ORDER**

The pending motions[1] present a procedural conundrum that often arises when parties forum shop in a patent attempt to wrest control of first filed litigation, pending elsewhere, against them.

---

[1] Joseph G. Butler, Chapter 7 Trustee (the "Trustee") in a bankruptcy case elsewhere, has filed a Motion for Change of Venue (the "Venue Motion") (D.I. 3). Plaintiffs in litigation described herein have filed a Motion for Mandatory Abstention (the "Abstention Motion") (D.I. 7).

Three of its creditors placed N2N Commerce, Inc. (the "Debtor") in an involuntary bankruptcy in the United States Bankruptcy Court for the District of Massachusetts (the "Bankruptcy Case" and the "Bankruptcy Court"). Since the filing, the Bankruptcy Court has entered an order for relief and denied a motion to dismiss the Bankruptcy Case (an appeal is pending).

Before the commencement of the Bankruptcy Case, the assignee of an assignment for the benefit of creditors (the "Assignee") brought suit in Massachusetts Commonwealth Court (the "Commonwealth Court" and the "Commonwealth Action"). In the Commonwealth Action, the Assignee, and now the Trustee as the real party in interest, charges four of Debtor's insiders with receiving large payments totaling $1.8 million, which he further alleges constitute fraudulent transfers and breaches of fiduciary duties under Massachusetts and Delaware law, respectively. The Trustee has now removed the Commonwealth Action to the Bankruptcy Court.

Several weeks after commencement of the Commonwealth Action, some of the defendants in the Commonwealth Action and other insiders (the "Plaintiffs") brought a declaratory judgment action in the Delaware Court of Chancery (the "Chancery Action" and "Court of Chancery") seeking a judgment that they and other insiders had not committed fraud or breached their fiduciary duties. The Plaintiffs in the Chancery Action therefore seek the reverse of what the Trustee seeks in the Commonwealth Action.

The Trustee removed the Chancery Action to the Court Pursuant to 28 U.S.C. § 1452(a) and Federal Bankruptcy Rule 9027(a). The Trustee now has moved to transfer the adversary proceeding (i.e., the former Chancery Action) to the Bankruptcy Court. The Plaintiffs have objected to the Transfer Motion and are asking the Court to abstain from hearing the Transfer Motion and instead to remand the adversary proceeding to the Court of Chancery.

**Procedural History**

The chronology of the parties' dispute, which is vital to the Court's reasoning and ruling, is as follows:

| | |
|---|---|
| January 4, 2008. | The Debtor entered into an Assignment for the Benefit of Creditors with Joseph F. Finn, Jr. (the "Assignment"). |
| October, 2008. | The Debtor sent drafts of demand letters to the Plaintiffs and others alleging breaches of fiduciary duty. |
| December 17, 2008. | Assignee filed suit in the Superior Court of the Commonwealth of Massachusetts (the "Commonwealth Court" and "the Commonwealth Action") for transfers Debtor made to named defendants. |
| January 5, 2008. | Plaintiffs filed the Chancery Action. |
| July 13, 2009. | Three creditors filed an involuntary bankruptcy petition against Debtor. |
| October 15, 2009. | The Bankruptcy Court entered an order for relief. |
| March 18, 2010. | Trustee filed the Notice of Removal. |

<u>October 14, 2009.</u>     The Bankruptcy Court denied a motion to dismiss the bankruptcy case. An appeal of the order denying the motion to dismiss is pending.

## DISCUSSION

It is a foregone conclusion that unless the Court abstains and remands this proceeding, the Court will transfer it to the Bankruptcy Court. The Trustee clearly has satisfied all of the determinative factors for transferring a case pursuant to 28 U.S.C. § 1412(a). *Hechinger Liquidation Trust v. Fox* (*In re Hechinger Investment Co. of Delaware, Inc.*), 296 B.R. 323, 325 (Bankr.D.Del. 2003). Therefore, the Court will address only the Abstention Motion.

The Plaintiffs argue that abstention is mandatory in this case. The applicable statute is 28 U.S.C. § 1334(c)(2), which states:

> Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction.

The law is clear that abstention is proper only if the movant establishes all of the following elements:

(1)   a timely filed motion;

(2)   the proceeding is based only on state law issues:

(3)   the proceeding does not arise under the Bankruptcy Code or in a case under the Bankruptcy Code;

  (4) there is no independent basis for federal jurisdiction other than the bankruptcy proceeding;

  (5) an action has been commenced in a state forum; and

  (6) the case can be timely adjudicated in state court.

*Crown Village Farm, LLC v. Arl, L.L.C.* (*In re Crown Village Farm, LLC*), 415 B.R. 86, 94-95 (Bankr.D.Del. 2009).

What is clear from the statute and the case law is that a core proceeding under 28 U.S.C. § 157 is not subject to mandatory abstention. *Republic Underwriters Insurance Co. v. DBSI Republic, LLC* (*In re DBSI, Inc.*) 400 B.R. 720, 728 (Bankr.D.Del. 2009). 28 U.S.C. § 157(b)(2) provides an illustrative, non-exclusive list of the types of matters that are core proceedings. Among the matters listed is "proceedings to determine, avoid, or recover fraudulent conveyances. . . ." 28 U.S.C. § 157(b)(2)(H). The removed Chancery Action is such a core proceeding.

The decision on the Abstention Motion turns, in large part, on whether the claims in the Chancery Action are core in nature. The test applied by the Third Circuit Court of Appeals is found in *Halper v. Halper*, 164 F.3d, 830, 836 (3d Cir. 1999). The Third Circuit defined "core" proceeding as one which "(1). . .invokes a substantive right provided by title 11 or (2) if it is a proceeding that, by its nature, could arise only in the context of a bankruptcy case." *Id.*, quoting *In re Marcus Hook*, 943 F.3d 261, 267 (3d Cir. 1991).

In *Halper*, the Third Circuit found that a fraudulent conveyance claim was a core claim. In fact, a matter is core regardless of the application of state law. *HQ Global Workplaces, Inc. v. The Bank of Nova Scotia* (*In re HQ Global Holdings, Inc.*), 293 B.R. 839, 842 (Bankr.D.Del. 2003). Courts further recognize that a matter will be deemed core if unique or uniquely affected by the bankruptcy case, or the proceedings directly affect a core bankruptcy function. *Jamaica Shipping Company Limited v. Rotterdam Orient Shipping (In re Millenea Seacarriers, Inc.*) 458 F.3d 92, 95 (2d Cir. 2006) *See also LFD Operating, Inc. v. General Electric Capital Corporation*, (*In re Ames Department Stores, Inc.*) 2008 WL 754 2200 (S.D.N.Y. 2008), holding that:

> While section 157(b)(1) sets forth the general substantive doctrine for core jurisdiction, section 157(b)(2) sets forth a non-exclusive laundry list of matters meant to be illustrative of the types of proceedings which Congress thought to be core. However, the determination of whether a particular proceeding is core or non-core cannot be made by simply consulting that list. *See, e.g., In re Best Products Co., Inc.*, 68 F.3d 26, 31 (2d Cir. 1995). Rather, the bankruptcy courts must define the core/non-core distinction on a case by case basis by evaluating both the form and the substance of the particular proceeding. *Id.*; *see also In re S.G. Phillips Constructors, Inc.*, 45 F.3d 702, 707 (2d Cir. 1995). "Proceedings can be core by virtue of their nature if either (1) the type of proceeding is unique to or uniquely affected by the bankruptcy proceedings, or (2) the proceedings directly affect a core bankruptcy function." In re United State Lines, Inc., 197 F.3d at 637 (internal citations omitted).

*Id.* at *6.

Here, the nature of the Chancery Action substantiates the Court's opinion. The Chancery Action, now removed, is a core matter that directly affects a core bankruptcy function, namely, the core function of determining property of the estate resulting from a

fraudulent transfer. In contrast, the Chancery Action is, in sum and substance, a response to the Trustee's fraudulent conveyance claims, disguised as a declaratory judgment action in which the Plaintiffs seek a second court's (i.e., the Court of Chancery's) imprimatur against charges of wrongdoing brought in the Commonwealth Action, which was prior filed in a more convenient forum. Mandatory abstention should be employed to avoid the improper application of bankruptcy jurisdiction. Here, Plaintiffs are attempting to use mandatory abstention to deny the Trustee's properly employed Bankruptcy Court jurisdiction.

Accordingly, IT IS HEREBY ORDERED this 10th day of June, 2010, that for the foregoing reasons:

    A.    The Abstention Motion is denied.

    B.    The Transfer Motion is granted.

    C.    The venue of this action is transferred from this Court to the United States Bankruptcy Court for the District of Massachusetts.

*[signature]*
KEVIN GROSS, U.S.B.J.